RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

Case No. _____

JUL 25 2024

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED_____
DOCKETED_____
DATE        INITIAL

---

UNITED STATES OF AMERICA,  ]

   Plaintiff  ]   D.C No. 4:11-CR-00150-DCB-BGM-1

     ]   District of Arizona

v.  ]

  ]

MANUEL OSORIO ARELLANES,  ]

   Defendant.  ]

Application for Leave to File Second or Successive Petition under 28 U.S.C. § 2254 or Motion under 28 U.S.C. § 2255

---

Pro se Litigant.

Manuel Osorio-Arellanes
#11869-308
PETERSBURG-VA-PETERSBURG-FCI-MEDIUM
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
PETERSBURG, VA 23804

1 | Page

Manuel Osorio Arellanes, acting Pro se, hereby respectfully applies to the United States Court of Appeals for the Ninth Circuit for leave to file a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 / motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

## I. JURISDICTION

This Court has jurisdiction over this application pursuant to 28 U.S.C. § 2244(b)(3), which requires a petitioner to obtain authorization from the appropriate court of appeals before filing a second or successive habeas corpus application in the district court. The applicant, having previously filed [a petition under 28 U.S.C. § 2254 / a motion under 28 U.S.C. § 2255] in the United States District Court for the [Relevant District], is now seeking leave to file a second or successive petition/motion on the grounds specified herein.

The United States Court of Appeals for the Ninth Circuit is the proper venue for this application as the applicant's original habeas corpus petition/motion was filed in a district within this Circuit. Furthermore, the applicant's current application raises new grounds for relief based on newly discovered evidence and/or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, which were not presented in the initial petition/motion.

## I. SUMMARY OF THE GROUNDS FOR RELIEF

The applicant's grounds for relief include new developments never disclosed by the government that now expose that the government at no time made the proper investigations exculpating that Manuel Osorio Arellanes did not fire his firearm at any point during the incident. The government has failed to present ballistic evidence or any other form of proof that links him to the shooting of Agent Brian

Terry. Without such evidence, it is impossible to attribute the fatal shot to Osorio-Arellanes. Osorio Arellanes is innocent of First-Degree Murder against Agent Brian Terry. Such as newly discovered evidence exculpates Osorio Arellanes of first degree murder. These grounds are asserted with the belief that they meet the stringent requirements set forth under 28 U.S.C. § 2244(b)(2) and 28 U.S.C. § 2255(h), respectively.

## II. STATEMENT OF THE CASE

On September 7, 2012, the Fourth Superseding Indictment issued, charging Osorio Arellanes and others with multiple crimes, including first degree felony murder in violation of Title 18, United States Code, Section 1111 and 1114, against Border Patrol Agent Brian Terry.

On October 30, 2012, Osorio-Arellanes pleaded guilty before Magistrate Judge Bernardo P. Velasco, pursuant to a written plea agreement containing a waiver of his right to appeal or collaterally attach his conviction and sentence.

On February 10, 2014, this Court sentenced him pursuant to the plea agreement to 360-months.

## III. STATEMENT OF THE FACTS

**Count 1:**

That on or about December 14th, 2010, in the District of Arizona, during an attempt to interfere with commerce by robbery, Manuel Osorio-Arellanes, Jesus Rosario Favela, Ivan Soto-Barraza, Heraclio Osorio-Arellanes, and Lionel Portillo

unlawfully killed United States Border Patrol Agent Brian Terry with malice aforethought while Agent Terry was engaged in and on account of the performance of his official duties.

**Investigation Details:**

- **Prior Actions:** Osorio-Arellanes and the other individuals traveled from Mexico to the United States to steal loads of marijuana from individuals attempting to smuggle it into the United States.
- **December 12, 2010:** After illegally entering the United States and while hiking to retrieve hidden firearms, the group was encountered by United States Border Patrol agents. Co-defendant Rito Osorio-Arellanes was apprehended by the agents. The remaining five individuals, including Manuel Osorio-Arellanes, avoided capture.
- **Post-Encounter:** After the agents left with Rito Osorio-Arellanes, the remaining five defendants, including Manuel Osorio-Arellanes, returned and retrieved their backpacks. They then retrieved firearms and food supplies hidden in the area for their use. Each of the five defendants carried a firearm.
- **Plan Execution:** After securing firearms and food supplies, they began searching for drug smugglers to rob. On December 14, 2010, while looking for drug smugglers, the group encountered several U.S. Border Patrol agents. Members of the group exchanged fire with the agents. One of the shots fired by a member of the group killed Border Patrol Agent Brian Terry. Agents shot Manuel Osorio-Arellanes, and he was captured at the scene. The remaining four individuals—Heraclio Osorio-Arellanes, Jesus Rosario Favela Astorga, Lionel Portillo Meza, and Ivan Soto-Barraza—fled to Mexico.

**Summary:**

Agent Terry was killed in the District of Arizona while performing his official duties.

## IV. ARGUMENT

**Innocence of Manuel Osorio-Arellanes in First-Degree Murder Charge**

1. **Lack of Direct Involvement in the Shooting:** Manuel Osorio-Arellanes did not fire his firearm at any point during the incident. The government has failed to present ballistic evidence or any other form of proof that links him to the shooting of Agent Brian Terry. Without such evidence, it is impossible to attribute the fatal shot to Osorio-Arellanes.

    a. **Lack of Evidence Linking Osorio-Arellanes to the Shooting:** In *USA v. Begay*, **No. 07-10487 (9th Cir. 2011),** the Ninth Circuit underscored the importance of direct evidence linking the defendant to the specific act of shooting to establish culpability in a murder case. Without ballistic evidence or testimony proving that Osorio-Arellanes fired at Agent Terry, the government fails to meet the burden of proof required for a first-degree murder conviction.

    b. **Elements of First-Degree Murder:** The Ninth Circuit has emphasized that first-degree murder requires proof of premeditation and deliberation. In **Austin v. United States, 382 F.2d 129 (D.C. Cir. 1967),** the court highlighted that premeditation involves a deliberate decision made in a calm and reflective state, not in the heat of the moment. Osorio-Arellanes was not shown to have premeditated the killing, as there is no evidence of him making a deliberate choice to kill Agent Terry.

2. **Absence of Pinkerton Doctrine Application:** Manuel Osorio-Arellanes was not charged under the Pinkerton doctrine, which holds co-conspirators liable for crimes committed by their associates if those crimes were foreseeable and in furtherance of the conspiracy. Since this doctrine was not applied, Osorio-Arellanes cannot be held responsible for the actions of his co-conspirators, even if one of them did fire at the agents.

   a. **Application of the Pinkerton Doctrine:** The Pinkerton doctrine holds co-conspirators liable for crimes committed by their associates only if those crimes were foreseeable and in furtherance of the conspiracy. Since Osorio-Arellanes was not charged under this doctrine, he cannot be held responsible for the actions of his co-conspirators. The Ninth Circuit has previously required clear evidence of each conspirator's individual role and intent in crimes to apply this doctrine, which is absent in Osorio-Arellanes' case. See. **USA v. Begay, No. 07-10487 (9th Cir. 2011).**

3. **Agents' Failure to Identify Themselves:** The agents involved in the encounter did not identify themselves as law enforcement officers and were not wearing official uniforms. This crucial fact raises questions about the defendants' awareness of whom they were confronting. Charging and convicting Osorio-Arellanes for first-degree murder under these circumstances is highly questionable, as the defendants might not have known they were facing law enforcement officers.

   a. **Agents' Identification and Uniforms:** The Ninth Circuit has addressed cases where law enforcement did not identify themselves clearly or were not in uniform. In situations where defendants did not know they were confronting law enforcement, the court has considered this a significant factor in evaluating the

defendant's intent and actions during the confrontation. This principle supports the argument that Osorio-Arellanes might not have known he was dealing with Border Patrol agents, thus questioning the intent required for a first-degree murder charge. See. **Austin v. United States, 127 US App. DC 180, 382 F.2d 129 (1967)**

**4. Lack of Premeditation and Direct Involvement:** There is no evidence to suggest that Manuel Osorio-Arellanes had any premeditation or intent to kill Agent Terry. The prosecution has not provided any proof that Osorio-Arellanes planned or deliberated the killing. At most, he was part of a group that had firearms, but his specific firearm was neither used nor discharged against the officers.

**5. Insufficient Elements for First-Degree Murder:** The elements required for a first-degree murder charge, including premeditation, intent, and direct involvement, are not present in the case against Manuel Osorio-Arellanes. He was merely part of a group, and there is no evidence linking him personally to the fatal shot or to any premeditated plan to kill Agent Terry.

**6. Possibility of Lesser Included Offense:** While Manuel Osorio-Arellanes could have been charged with a lesser included offense, such as conspiracy to commit robbery or manslaughter, the prosecution chose to charge him with first-degree murder. Given the lack of evidence connecting him to the shooting, this charge is inappropriate and does not fit the crime. Changuing Mr. Osorio-Arellanes with first-degree murder was legal or ethical violation. United **States v. David Williams, et al., No. 22-10174 (9th Cir. 2023).**

## V. CONCLUSION

Manuel Osorio-Arellanes is actually innocent of first-degree murder. There is no ballistic or direct evidence linking him to the shooting of Agent Terry, and the necessary elements of premeditation and intent are absent. The lack of direct evidence linking Osorio-Arellanes to the fatal shot, the absence of premeditation, and the failure to apply the Pinkerton doctrine all support the argument that he should not be convicted of first-degree murder. Convicting him of first-degree murder is not only unjust but also unsupported by the evidence presented. The principles established in USA v. Begay and Austin v. United States further bolster this claim, demonstrating that the evidence presented does not meet the legal requirements for such a conviction in the Ninth Circuit. Therefore, the charge of first-degree murder against Manuel Osorio-Arellanes should be dismissed.

In light of the foregoing, the applicant respectfully requests that this Court grant leave to file a second or successive petition under 28 U.S.C. § 2254 / motion under 28 U.S.C. § 2255 and permit the applicant to present the new grounds for relief in the district court.

Date 01/17/2024

Respectfully submitted,

*Manuel Osorio Arellanes*

## CERTIFICATE OF SERVICE

I, Manuel Osorio Arellanes, hereby certify that on this 17th day of July, 2024, a copy of the Motion Application for Leave to File a Second or Successive Petition under 28 U.S.C. § 2254 or Motion under 28 U.S.C. § 2255 was served by USPS first-class mail upon the United States District Attorney's Office for the District of Arizona.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted,

*Manuel Osorio Arellanes*

Manuel Osorio Arellanes
Reg # 11869-308
Federal Correctional Institution
P.O. Box 1000
Petersburg, VA. 23804

United States Court of Appeals
For the Ninth Circuit
P.O. Box 193939
San Francisco, CA.
94119-3939

U.S. POSTAGE PAID
FCM LG ENV
EL PASO, TX 799
JUL 19, 2024
$1.77
S2324E500780-4
Retail
RDC 99
94119